**David Weitman, Esq.**
**Texas State Bar No. 21116200**
**John E. Garda, Esq.**
**Texas State Bar No. 00793780**
**K&L GATES LLP**
**1717 Main Street, Suite 2800**
**Dallas, Texas  75201**
**Telephone (214) 939-5500**
**Telecopy:  (214) 939-6100**

**ATTORNEYS FOR WELLS FARGO CAPITAL FINANCE, LLC**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **R.E. LOANS, LLC,** | **Case No. 11-35865-BJH** |
| **R.E. FUTURE, LLC, and** | |
| **CAPITAL SALVAGE, a California corporation,** | **Jointly Administered** |
| **Debtors.** | |
| **WELLS FARGO CAPITAL FINANCE, LLC,** | |
| **Plaintiff,** | |
| vs. | **Adversary Proceeding No. 11-03618-bjh** |
| **GORDON NOBLE, ARLENE DEA DEELEY, FREDRIC C. MENDES, NANCY RAPP, PHILLIP CANTOR and IRENE LEE,** | |
| **Defendants,** | |
| **R.E. LOANS, LLC,** | |
| **Nominal Defendant.** | |

### MOTION TO STAY CLASS ACTION CLAIMS AGAINST
### WELLS FARGO CAPITAL FINANCE, LLC AND FOR ISSUANCE OF A
### <u>TEMPORARY INJUNCTION</u>

Plaintiff Wells Fargo Capital Finance, LLC f/k/a Wells Fargo Foothill, LLC ("Wells Fargo") files this Motion to Stay Class Action Claims Against Wells Fargo Capital Finance, LLC and for Issuance of a Temporary Injunction (this "Motion") and, in support hereof, Wells Fargo states as follows:

## PRELIMINARY STATEMENT

1.      This Adversary Proceeding arises out of a present and actual controversy between Wells Fargo and Gordon Noble, Arlene Dea Deeley, Fredric C. Mendes, Nancy Rapp, Philip Cantor, Irene Lee and others similarly situated (collectively, the "Defendants") arising from alleged conduct by Wells Fargo associated with a line of credit facility provided by Wells Fargo to R.E. Loans, LLC ("R.E. Loans") in July of 2007.

2.      On September 13, 2011 (the "Petition Date"), R.E. Loans, R.E. Future, LLC ("R.E. Future"), and Capital Salvage, a California corporation ("Capital Salvage") (collectively, the "Debtors"), filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.      In September of 2011, a class action lawsuit was initiated (the "Noble Class Action Lawsuit") against, among others, Wells Fargo, by the filing of a complaint (the "Noble Complaint") in Alameda County, California Superior Court by certain holders of promissory notes issued by each of Mortgage Fund '08 LLC ("MF08") and R.E. Loans. The Noble Complaint was subsequently amended (the "Noble First Amended Complaint"), and the Noble First Amended Complaint contains twelve (12) causes of action against a variety of defendants.

4.      Wells Fargo is named as a defendant in the Noble First Amended Complaint with respect to three (3) of the causes of action: (i) Aiding and Abetting Breach of Fiduciary Duty; (ii) Violation of Unfair Competition Law Business & Professional Code Section 17200; and

(iii) Secondary Liability for Securities Fraud.  A true and accurate copy of the Noble First Amended Complaint is included in the Appendix that is attached to the Brief in support of this Motion and is incorporated herein by reference.

5. In October of 2011, a second class action lawsuit was initiated (the "<u>Mendes Class Action Lawsuit</u>," against, among others, Wells Fargo, by the filing of a complaint (the "<u>Mendes Complaint</u>") in Alameda County, California Superior Court by certain holders of promissory notes issued by each of R.E. Loans and MF08 (the "<u>Mendes Plaintiffs</u>," and with the Noble Plaintiffs, the "<u>Class Action Plaintiffs</u>").  The Mendes Complaint was subsequently amended (the "<u>Mendes First Amended Complaint</u>," and with the Noble First Amended Complaint, the "<u>Class Action Complaints</u>").  The Mendes First Amended Complaint contains ten (10) causes of action against a variety of defendants.

6. Wells Fargo is named as a defendant in the Mendes First Amended Complaint with respect to three (3) of the causes of action: (i) Aiding and Abetting Fraud; (ii) Aiding and Abetting Breach of Fiduciary Duty; and (iii) Violation of Unfair Business Practices California Business & Professions Code Section 17200.  A true and accurate copy of the Mendes First Amended Complaint is included in the Appendix that is attached to the Brief in support of this Motion and is incorporated herein by reference.

7. On November 3, 2011, Alameda County, California Superior Court Judge Steven A. Brick issued a Tentative Case Management Order in the Noble Lawsuit, a copy of which is included in the Appendix that is attached to the Brief in support of this Motion and is incorporated herein for all purposes.  The Tentative Case Management Order affords the parties the opportunity to seek guidance from this Court as to whether the claims asserted in the Noble Lawsuit are subject to the automatic stay 11 U.S.C. § 362(a).

8. 11 U.S.C. § 362(a)(1) imposes an automatic stay of any proceeding commenced or that could have been commenced against the debtor at the time of the filing of the Chapter 11 proceeding. 11 U.S.C. § 362(a)(3) provides that the filing of a bankruptcy petition "**operates as a[n] [automatic stay] applicable to all entities, of…any act to obtain possession of property of the estate or of property from the estate.**" 11 U.S.C. § 362(a)(3) (emphasis added). The stay extends to "**any action, whether against the debtor or third parties, that seeks to obtain or exercise control over the property of the debtor**," including causes of action that could have been raised by the debtor as of the commencement of the bankruptcy case. In re S.I. Acquisition, Inc., 817 F.2d 1142 (5th Cir. 1987) (emphasis added).

9. The claims asserted against Wells Fargo in the Class Action Complaints (collectively, the "Class Action Claims") are claims which could have been raised by the Debtor R.E. Loans as of the commencement of the R.E. Loans' bankruptcy proceedings. As such, the Class Action Claims are property of R.E. Loans' bankruptcy estate pursuant to 11 U.S.C. § 541, and as property of the bankruptcy estate, the Class Action Claims are subject to the automatic stay of 11 U.S.C. § 362(a)(3) arising from the commencement of the bankruptcy proceedings of R.E. Loans.

10. In addition, R.E. Loans agreed to indemnify Wells Fargo for any and all claims, including defense costs, arising in relation to the line of credit provided by Wells Fargo to R.E. Loans. The legal expenses incurred and continuing to accrue in the Class Action Complaints and any liability or judgment entered against Wells Fargo are subject to payment by the R.E. Loans' bankruptcy estate -- as part of Wells Fargo's secured claim against the R.E. Loans' bankruptcy estate -- pursuant to the indemnity agreement in favor of Wells Fargo. As a result of R.E. Loans' indemnity obligations to Wells Fargo, and the corresponding direct liability of R.E. Loans, prosecution of the Class Action Claims against Wells Fargo is

tantamount to a direct action against R.E. Loans and is barred by the automatic stay under § 362(a) of the Bankruptcy Code, or as more fully described below, such claims constitute property of the R.E. Loans' bankruptcy estate.

11.    By this Motion, Wells Fargo requests that this Court enter: (i) an order or judgment declaring that (a) some or all of the Class Action Claims are property of the bankruptcy estate of R.E. Loans pursuant to 11 U.S.C. § 541, and as such, are subject to the automatic stay set forth in 11 U.S.C. § 362(a)(3) arising from the commencement of the bankruptcy proceedings of R.E. Loans, (b) because Wells Fargo is entitled to contractual indemnification from R.E. Loans with respect to the Class Action Claims, and the corresponding depletion of estate assets due to the indemnification obligations of R.E. Loans to Wells Fargo, the Class Action Claims against Wells Fargo are stayed under § 362(a) of the Bankruptcy Code, and (c) the Class Action Claims must proceed, if at all, only in connection with the underlying bankruptcy case of R.E. Loans in this Court; (ii) a temporary injunction and/or other applicable injunctive relief prohibiting the Class Action Claims against Wells Fargo from continuing in Alameda County, California Superior Court until R.E. Loans has confirmed its plan of reorganization in its bankruptcy proceedings before this Court, and providing that the Class Action Claims and any similar claims against Wells Fargo must proceed, if at all, only in connection with the underlying bankruptcy case of R.E. Loans in this Court.

### THE CLASS ACTION CLAIMS AGAINST WELLS FARGO SHOULD BE STAYED PURSUANT TO 11 U.S.C § 362(a)

12.    Although the Class Action Complaints have been amended and plead to explicitly remove R.E. Loans as a named defendant in an apparent attempt to evade the automatic stay provisions of § 362(a) of the Bankruptcy Code, such attempt must fail, at least as it relates to the Class Action Claims against Wells Fargo.  Pursuant to the contractual indemnity obligations of

R.E. Loans, any costs and expenses incurred by Wells Fargo in defending the Class Action Complaints are costs and expenses that are made a part of Wells Fargo's secured claim against the R.E. Loans' bankruptcy estate. Further, to the extent that any of the Class Action Claims against Wells Fargo result in any liability or judgment against Wells Fargo, Wells Fargo is entitled to full indemnification of such liability or judgment from R.E. Loans, which would increase Wells Fargo's secured claim against the R.E. Loans' bankruptcy estate.

13. Due to the ongoing harm to the R.E. Loans' bankruptcy estate resulting from the legal expenses of Wells Fargo in defending the Class Action Complaints, and the continuing harm to the R.E. Loans' bankruptcy estate that would result from any liability or judgment that is obtained against Wells Fargo in the Class Action Complaints, the Class Action Claims against Wells Fargo need to be stayed, and the claims against Wells Fargo should be heard, if at all, by this Court in connection with the R.E. Loans' bankruptcy proceedings. Allowing the Class Action Complaints to continue against Wells Fargo, which would dissipate the assets of the R.E. Loans' bankruptcy estate as a result of the indemnity obligations, would eviscerate the fundamental policy of requiring similarly situated creditors being treated equally within an organized and uniform bankruptcy proceeding, and would otherwise cause duplicative, expensive, and burdensome litigation.

14. Wells Fargo is named as a defendant in the Noble First Amended Complaint with respect to three (3) of the causes of action: (i) Aiding and Abetting Breach of Fiduciary Duty; (ii) Violation of Unfair Competition Law Business & Professional Code Section 17200; and (iii) Secondary Liability for Securities Fraud. All of these claims asserted against Wells Fargo trigger the indemnity obligations of the Debtor R.E. Loans to cover the defense costs that Wells Fargo incurs and any underlying liability or judgment entered against Wells Fargo in the Noble Class Action as described above. As a result, prosecuting the claims against Wells Fargo in the

Noble Class Action is tantamount to a direct action against R.E. Loans and its bankruptcy estate and is barred by § 362(a) of the Bankruptcy Code.

15. Wells Fargo is named as a defendant in the Mendes First Amended Complaint with respect to three (3) of the causes of action: (i) Aiding and Abetting Fraud; (ii) Aiding and Abetting Breach of Fiduciary Duty; and (iii) Violation of Unfair Business Practices California Business & Professions Code Section 17200. All of these claims asserted against Wells Fargo trigger the indemnity obligations of the Debtor R.E. Loans to cover the defense costs that Wells Fargo incurs and any underlying liability or judgment entered against Wells Fargo in the Mendes Class Action as described above. As a result, prosecuting the claims against Wells Fargo in the Mendes Class Action is tantamount to a direct action against R.E. Loans and its bankruptcy estate and is barred by § 362(a) of the Bankruptcy Code.

16. Some or all of the Class Action Claims against Wells Fargo (i) in essence amount to merely an aiding and abetting a breach of fiduciary duty claim, (ii) could have been raised by R.E. Loans as of the commencement of its bankruptcy case, (iii) constitute causes of action owned by R.E. Loans – and are therefore property of the R.E. Loans' bankruptcy estate, and/or (iv) trigger the indemnity obligations owed by R.E. Loans to Wells Fargo as described above, so that prosecution of these claims against Wells Fargo is tantamount to an action against R.E. Loans and its bankruptcy estate (with respect to all of the Class Action Claims).

17. Being property of R.E. Loans' bankruptcy estate, the pursuit of these claims by the Class Action Plaintiffs in Alameda County, California Superior Court should be stayed by virtue of 11 U.S.C. § 362(a)(3).

18. The Bankruptcy Court is the best gatekeeper to decide whether the Class Action Claims against Wells Fargo are property of the estate and thus should be stayed. To the extent that any of the Class Action Claims against Wells Fargo is determined to be solely direct claims

of the Noteholders, including the Class Action Plaintiffs, and not property of R.E. Loans' bankruptcy estate (notwithstanding the indemnity obligations as described above), the claims should still be heard by the Bankruptcy Court in the interests of judicial economy because they all arise out of the same set of facts as the other claims that are property of the bankruptcy estate.

19.     The series of transactions described above and the relationships of the parties described herein are significantly intertwined with the R.E. Loans' bankruptcy case pending before this Court.  In essence, the Class Action Plaintiffs allege that the Managers of R.E. Loans first and foremost breached their fiduciary obligations to R.E. Loans by improperly entering in to the credit facility with Wells Fargo, improperly distributing funds to themselves, and failing to properly disclose these transactions to the Noteholders, including the Class Action Plaintiffs.  In doing so, the Class Action Plaintiffs allege that the Managers of R.E. Loans also breached their fiduciary duties to the Noteholders, including the Class Action Plaintiffs.  Thus, the threshold issue involved in both the underlying bankruptcy proceedings and the Class Action Complaints is whether the Managers of R.E. Loans breached their underlying fiduciary duties to R.E. Loans.

20.     The most efficient, and cost effective way to untangle this complicated web is within the context of the R.E. Loans' bankruptcy proceedings.  Indeed, the central figure in each of the claims set forth in the Class Action Complaints is R.E. Loans.  As a result, if the Class Action Complaints are not stayed, all of the parties, including the Debtor R.E. Loans itself, would be subject to duplicative, expensive, and burdensome litigation, including substantial costs of discovery, related to the Class Action Complaints.  Furthermore, R.E. Loans may also suffer damage from inconsistent rulings and the potential consequences involved with the doctrines of res judicata or collateral estoppel over litigating these issues within the Class Action Complaints without R.E. Loans as a named party.

21. To the extent that the Class Action Claims arise in connection with an "alter ego" theory, then this may be another independent basis for this Court to decide whether these claims are property of the bankruptcy estate of R.E. Loans.

22. Allowing the Class Action Claims to continue against Wells Fargo threatens the property of the R.E. Loans' bankruptcy estate, burdens and impedes the reorganization effort, contravenes the public interests, and may render any plan of reorganization futile. The burden on the R.E. Loans' bankruptcy estate substantially outweighs any burden on the Class Action Plaintiffs caused by enjoining the Class Action Claims against Wells Fargo. The evidence and underlying testimony presented in the Class Action Complaints will be substantially similar to the evidence and testimony presented in the R.E. Loans' bankruptcy case and the interests of judicial economy are best served by having all of these interrelated issues heard together in the same Court, especially in light of the indemnification obligations that R.E. Loans owes to Wells Fargo as described above.

23. In this way, each of the competing interests can be considered together. Wells Fargo respectfully requests that the Court issue an order staying the Class Action Complaints and similar lawsuits that may be brought by Noteholders and hearing the claims set forth in the Class Action Complaint in connection with the R.E. Loans' bankruptcy proceedings.

24. As a result, the injunctive relief requested in this Motion is necessary and appropriate because (i) the Class Action Claims against Wells Fargo threaten to adversely affect the interests of the Debtor R.E. Loans, (ii) there is a likelihood of success on the merits on the relief sought herein by Wells Fargo, (iii) granting the injunctive relief does not contravene the public interest, (iv) Wells Fargo does not have an adequate remedy at law, and/or (v) Wells Fargo would suffer irreparable harm if the requested relief is not granted.

## CONCLUSION

25. R.E. Loans owes contractual indemnity obligations to Wells Fargo for all defense costs and any liability or judgments entered against Wells Fargo as a result of any of the Class Action Claims. All of the Class Action Claims against Wells Fargo are subject to the automatic stay of § 362(a) in that prosecuting the Class Action Claims against Wells Fargo is tantamount to a direct claim against R.E. Loans.

26. As a result, Wells Fargo requests that the Court issue an Order pursuant to this Motion that the Class Action Claims against Wells Fargo are subject to the automatic stay set forth in 11 U.S.C. § 362(a) commencing upon the filing of R.E. Loans' petition in bankruptcy, and that all of the Class Action Claims should proceed, if at all, only in connection with the underlying bankruptcy case of R.E. Loans in this Court.

27. In addition, Wells Fargo requests that this Court (i) issue an Order that some or all of the Class Action Claims (or at a minimum at least the Aiding and Abetting Breach of Fiduciary Duty Claims against Wells Fargo) are property of the bankruptcy estate of R.E. Loans pursuant to 11 U.S.C. § 541, and as such, are subject to the automatic stay set forth in 11 U.S.C. § 362(a)(3) commencing upon the filing of R.E. Loans' petition in bankruptcy; and that some or all of the Class Action Claims should proceed, if at all, only in connection with the underlying bankruptcy case of R.E. Loans in this Court.

28. Given that R.E. Loans owes indemnity obligations to Wells Fargo for all defense costs and any liability or judgments entered against Wells Fargo as a result of any of the Class Action Claims, and/or some or all of the causes of action are property of the bankruptcy estate of R.E. Loans, Wells Fargo requests that this Court (i) issue a temporary injunction until R.E. Loans has confirmed its plan of reorganization and there is a clear delineation within the confirmed

plan as to who will prosecute claims owned by the R.E. Loans' bankruptcy estate and claims owned by the Noteholders, including the Class Action Plaintiffs, pursuant to applicable injunctive relief under sections 362(a) and 105(a) of the Bankruptcy Code, and 28 U.S.C. 1334; (ii) enjoining the continued prosecution of the Class Action Claims against Wells Fargo; and (iii) enjoining Defendants and any other party from commencing or continuing any lawsuit or proceeding against Wells Fargo based on the allegations contained in the Class Action Complaints.  Wells Fargo further requests that the temporary injunction include an order that any claims against Wells Fargo related to the credit facility with R.E. Loans should proceed, if at all, only in connection with the underlying bankruptcy case of R.E. Loans before this Court.

**DATED:**  November 29, 2011

                Respectfully submitted,

                **K&L GATES LLP**

                By: /s/ John E. Garda
                    David Weitman, Esq.
                    State Bar No. 21116200
                    John E. Garda, Esq.
                    State Bar No. 00793780
                    1717 Main Street, Suite 2800
                    Dallas, Texas 75201
                    Telephone: (214) 939-5500
                    Facsimile: (214) 939-6100

                **ATTORNEYS FOR WELLS FARGO CAPITAL FINANCE, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion has been sent on this the 29th day of November, 2011 to Randall B. Aiman-Smith, Reed Marcy and Carey James, counsel for defendants Fredrick Mendes, Nancy Rapp, Phillip Cantor and Irene Leein who constitute the named plaintiffs in the Mendes Class Action case. Counsel for these defendants agreed to accept service of the Complaint and this Motion. I certify that a true and correct copy of this Motion has been sent on this the 29th day of November, 2011 to Andrew Friedman, counsel for Gordon Noble and Arlene Dea Deeley who constitute the named plaintiffs in the Noble Class Action case. Mr. Friedman indicated that he is checking to see if he can accept service on behalf of defendants Gordon Noble and Arlene Dea Deeley, did not anticipate that it will be a problem, and will advise Plaintiff's counsel whether he can in fact accept service. In the unlikely event that Mr. Friedman cannot accept service, Plaintiff's counsel will then make efforts to serve this Motion upon those individual defendants, Gordon Noble and Arlene Dea Deeley.

    /s/John E. Garda_____
John E. Garda

## CERTIFICATE OF CONFERENCE

On November 28, 2011 counsel conferred with counsel as follows:

Andrew Friedman, counsel for Gordon Noble and Arlene Dea Deeley responded that he just received the Adversary Complaint and the relief requested filed that day, intends to confer among Plaintiffs' counsel but is not willing to agree to the relief requested in the Motion at this time and is therefore opposed to the Motion.

Randall Smith and Cary James, counsel for Fredric c. Mendes, Nancy Rapp, Phillip Cantor and Irene Lee responded at this time they are unable to agree to the relief requested and are therefore opposed to the Motion.

s/s John E. Garda _____
John E. Garda